NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2377

_____

UNITED STATES OF AMERICA

v.

JAMAL REID, a/k/a Mal

Jamal Reid,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-11-cr-00706-001)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2016

Before: AMBRO, CHAGARES, and FUENTES, Circuit Judges

(Opinion filed: December 6, 2016)

_____

OPINION[*]

_____


AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jamal Reid pled guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Per his plea agreement, Reid stipulated that his total offense level was 35 under the Sentencing Guidelines based on: a base level of 32 for his conspiracy to distribute heroin charge; a two-level enhancement for possession of a firearm in connection with a drug-trafficking offense; a four-level enhancement for organizing the conspiracy to distribute heroin; and a three-level downward adjustment for acceptance of responsibility. Under the agreement, Reid also waived his appellate rights except as to the sentencing court's determination of his criminal history category.

In Reid's presentence report, the Probation Office calculated that his base level as a career offender was actually 34, and it established a criminal history category of VI because Reid was a career offender under U.S.S.G. 4B1.1(b). A basis of the criminal history designation was a prior conviction for eluding a police officer, which the District Court considered a predicate "crime of violence" under the so-called residual clause contained in U.S.S.G. § 4B1.2(a) (a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The District Court nonetheless determined that Reid's base level was 29 and accepted the Probation Office's finding of a criminal history category of VI. The result was a Guidelines range of 151 to 188 months' imprisonment with an actual sentence of 154 months.

Reid appealed the District Court's sentencing decision, which we have jurisdiction to review under 18 U.S.C. § 3742(a). During the pendency of his appeal, the Supreme

2

Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In accord with *Johnson*, our Court then held that the corresponding residual clause in the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2, also is unconstitutionally vague. *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2016). With this change in law, Reid argues that his sentence should be vacated and this case remanded to the District Court so that he may be properly resentenced. We agree.

In *Calabretta* we held that the "identically worded 'residual clause' of § 4B1.2 of the Guidelines is [similarly] invalid [as is that in ACCA]." *Id.* at 133 (citing *Johnson*, 135 S. Ct. 2551). We concluded that "[t]he process by which a sentencing court determines whether a prior conviction is a 'crime of violence' [under U.S.S.G. § 4B1.2] is the same process that the Supreme Court held to be fraught with indeterminacy under ACCA." *Id.* at 135. Consequently, "a defendant's recommended sentence (and ultimate sentence imposed) will likely be affected by how the sentencing court determines whether a prior conviction . . . is a 'crime of violence' under the § 4B1.2 residual clause." *Id.* at 136. In those cases, that sentence must be vacated. *Id.* at 137.

Reid argues that, if not for the criminal history category VI designation assigned because he was a career offender under the Guidelines' residual clause, he would have received a criminal history category IV designation. That change would reduce the suggested Guidelines range for term of imprisonment. Regardless whether Reid's calculation of his proper criminal history category is correct, we conclude that he was

3

sentenced under provisions of the Guidelines that we determined to be unconstitutional during the pendency of his appeal. *See Griffith v. Ky.*, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").[1]  Accordingly, we vacate Reid's sentence and remand this case so that the District Court may properly determine Reid's criminal history category designation for the purposes of resentencing.

---

[1] The Government contends that because Reid did not challenge the application of the Guidelines' career offender enhancement at sentencing, we review the District Court's determination of that issue for plain error. *See Calabretta*, 831 F.3d at 131-32.  It argues that under this analysis Reid has failed to carry his burden of showing that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *See United States. v. Marcus*, 560 U.S. 258, 262 (2010) (quotations omitted).  Because the Government concedes that Reid's sentence was unconstitutional under *Calabretta*, this argument is unavailing.